Deloris CURRY, Plaintiff–Appellant,

v.

CYPRIAN CENTER, a Michigan non-profit corporation, Defendant–Appellee.

No. 00–1546.

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

Before SUHRHEINRICH, SILER, Circuit Judges; and HOOD,* District Judge.

PER CURIAM.

Plaintiff Deloris Curry appeals the district court's grant of summary judgment in favor of Defendant Cyprian Center, Inc, in this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and analogous Michigan law, the Persons with Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1101 *et seq.* The district court ruled in favor of Defendant because (1) temporary conditions do not constitute disabilities under the ADA or the PWDCRA so that Plaintiff failed to make a *prima facie* case of actual disability, and (2) neither Plaintiff's speculation nor Defendant's mere knowledge of Plaintiff's return-to-work restrictions are sufficient to make a *prima facie* "regarded as" disabled claim. The district court further remarked that, even if Plaintiff had established a *prima facie* case of discrimination, she failed to submit evidence that Defendant's proffered reason for termination was pretextual. Plaintiff asserts genuine issues of fact precluded summary judgment. She also argues that the district court should not have dismissed her state law claim because differences in the statutory language preclude application of federal law to decide her PWDCRA claim.

Plaintiff was hired as the clinical director for Defendant, an organization that provides services to the developmentally disabled. Defendant's policy required absences to be excused, that unexcused absences were grounds for discipline, that employees could be required to provide medical documentation for absences of more than three days, and that employees must request in writing a leave of absence for medical reasons.

Plaintiff was repeatedly absent from the time she was hired, including an absence for almost three months prior to the date she was terminated. Defendant never received information about her condition except for one note submitted early on that merely said "back pain." Notes from Plaintiff's doctor during the three-month period of absence prior to her termination merely indicated Plaintiff would be reevaluated. In each note, the doctor also extended her anticipated date of return, but without further explanation. Eventually, Defendant notified Plaintiff she had used

---

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

all her benefits and that she must submit a request for leave. Defendant provided Plaintiff with the proper form to request a leave. Plaintiff never filled it out. When Defendant received the final note from Plaintiff's doctor indicating she could return to work with restrictions, but her ability to return to work was eight days later than Plaintiff had previously indicated, Defendant terminated her for excessive absenteeism and failure to comply with its leave policy.

■■■ Plaintiff asserts an actual disability claim and an "as regarded" disability claim under state and federal law. For the actual disability claim, Plaintiff asserts her back condition prevents her from sitting for long periods. To support her "regarded as" claim, Plaintiff speculates that Defendant perceived her as disabled. She also points to a number of pieces of correspondence and the timing of the termination letter to substantiate that Defendant regarded her as disabled. Importantly, however, Plaintiff testified at her deposition that she was not being treated for any health problems and had no ongoing health problems.

We review a grant of summary judgment *de novo. Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is proper where the pleadings, affidavits and other materials in the record show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

■■■ We have carefully reviewed the parties' briefs and their oral argument. We reject Plaintiff's claim that the district court's application of federal law to her state law claim was improper. Because "[c]laims of handicap discrimination under Michigan law essentially track those under federal law[,] ... resolution of [Plaintiff's] claim under the federal statute also dispenses with [her] claim under the

[PWDCRA]." *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1178 n. 3 (6th Cir. 1996) (citations omitted). Further, we AFFIRM the district court's grant of summary judgment in favor of Defendant on both the ADA and the PWDCRA claims for the reasons stated by the district court in its order dated April 25, 2000.